Charles M. Sabo 006200
Charles M. Sabo, P.C.
4700 S. Mill Avenue, Ste. 7
Tempe, Arizona 85282
Telephone: (480) 820-5931
Fax: (480) 820-8099
e-mail: charlessabopc@earthlink.net
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT, DISTRICT OF ARIZONA

In re:

VIRGIL E. CALDWELL, III
CHARLENE R. CALDWELL
fka CHARLENE R. SIMONS

Debtor(s).

No. 2:07-bk-00964 RTB

Chapter 13 Bankruptcy

MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE

COME NOW the above-captioned Debtors, by and through counsel undersigned, and hereby move this Honorable Court, pursuant to 11 USC §1329, for modification of Debtors' Chapter 13 Plan after confirmation and represents as follows:

1. This Chapter 13 Plan was confirmed on October 25, 2007 and modified on January 27, 2009.

2. Pursuant to the confirmed plan, creditor Prestige Financial Services, Inc., was to receive a total of $12,421.55 at 9% per annum as a secured claim in satisfaction of a security interest in the Debtors' 2002 Chevy S-10. Any unpaid balance was to be classified and paid as an unsecured claim. To date the Chapter 13 trustee has paid Prestige Financial Services, Inc. $2,280. Debtors have now decided to surrender the motor vehicle to Prestige Financial Services, Inc. and any remaining balance due to this creditor shall be classified and paid as an unsecured non-priority claim, subject to the creditor filing a deficiency claim.

3. Due to a temporary loss of income for Debtor Husband, Debtors were unable to make regular Chapter 13 plan payments for the months of May, June, July, August and September,

1 | 2009. Debtors will be able to commencing regular monthly payments with that payment due for the
2 | month of October, 2009.

3 |     4. Debtors have filed herewith an amended budget accurately reflecting their present financial circumstances. Debtors move that their plan as modified provide for payments in the amount of $395 per month commencing October 6, 2009 (months 31 to 60), and that Debtors' Chapter 13 plan run for a total period of 60 (51 actual payment months) months commencing with the first payment made under the Plan as originally confirmed. Any plan payments which are past due prior to October 6, 2009, will be waived. This modification in the payment amount and number of months for which payments are to be made will not modify the rights of any secured or unsecured creditor pursuant to the Plan as originally confirmed other than as specifically set forth herein.

    5. Debtors move to pay their attorney the sum of $650 as a flat fee as and for attorney fees for the instant motion for modification of chapter 13 plan. Said payment shall be made by the trustee as an administrative expense prior to payment of any other claims in Debtor's Plan as originally confirmed or as modified herein. The services rendered and to be rendered for this flat fee include all in office consultations and telephone conversations held and to be held with client with regard to this modification, verification with the trustee of amounts paid and status of Debtors' Chapter 13 case, preparation and filing of this motion, appearance in court for any necessary hearings to confirm Debtor's modified plan, mailing to all parties in interest of the hearing and motion, preparation and lodging of an order confirming Debtor's modified plan and all necessary contacts with creditors affected hereby.

WHEREFORE, debtors respectfully request that their Chapter 13 Plan originally confirmed on    be modified as set forth above.

RESPECTFULLY SUBMITTED this __14th__ day of __September__, 2009.

CHARLES M. SABO,  P.C.

By  __/s/ CMS ABN 006200__
    Charles M. Sabo
    4700 South Mill Avenue, Ste. 7
    Tempe, Arizona 85282
    Attorneys for Debtors

We, the undersigned Debtors, hereby approve the foregoing motion for modification of Chapter 13 Plan after Confirmation.

Executed on:   September 14, 2009

  /s/ Virgil E. Caldwell                                      /s/ Charlene R. Caldwell  
VIRGIL E. CALDWELL, III                              CHARLENE R. CALDWELL

PLAN ANALYSIS

Debtor: VIRGIL E. CALDWELL, III        Case No. 2:07-bk-00964 RTB
Prior: Bankruptcy ( )                   Chapter 13 ( )  Date: _____
Estimated Length of Plan    60 (51 actual payment months)    months.

Trustee Use

§341 Meeting Date: _____
Continued: _____
                              Confirmed Date: _____

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A.  TOTAL PRIORITY CLAIMS
    1. Unpaid attorney's fees . . . . . . . . . . . . . $    4,079
    2. Taxes . . . . . . . . . . . . . . . . . . . . . $      446
    3. Other . . . . . . . . . . . . . . . . . . . . . $        0
B.  TOTAL OF PAYMENTS TO CURE DEFAULTS . . . . . . . . $    7,002
C.  TOTAL OF PAYMENTS ON SECURED CLAIMS. . . . . . . . $   12,502
D.  TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS. . . $       87
E.  SUB-TOTAL . . . . . . . . . . . . . . . . . . . . $   24,116
F.  TOTAL TRUSTEE'S COMPENSATION ( 10 % of
    Debtor's payments) . . . . . . . . . . . . . . . . $    2,679
G.  TOTAL DEBT AND ADMINISTRATIVE EXPENSES . . . . . . $   26,795

RECONCILIATION WITH CHAPTER 7

H.  INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
    1. Value of Debtor's interest in nonexempt
       property . . . . . . . . . . . . . . . . . . . $      336
    2. Plus: value of property recoverable
          under avoiding powers . . . . . . . . . . . $        0
    3. Less: estimated Chapter 7 administrative
       expenses . . . . . . . . . . . . . . . . . . . $       92
    4. Less amounts payable to priority
       creditors other than costs of
       administration . . . . . . . . . . . . . . . . $      446
    5. Equals: estimated amount payable to
       general unsecured creditors if Chapter 7
       filed (if negative, enter zero). . . . . . . . $        0
I.  ESTIMATED DIVIDEND FOR GENERAL UNSECURED
    CREDITORS UNDER CHAPTER 7 . . . . . . . . . . . . $        0
J.  ESTIMATED DIVIDEND UNDER PLAN . . . . . . . . . . $       87

*   IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS
OF THE PLAN AS CONFIRMED CONTROL.